**COMMONWEALTH OF MASSACHUSETTS**
**PLYMOUTH COUNTY**
**Docket Report**

**1783CV00206 Josephine B. Donahue on behalf of Herself and all others so similarly situated . vs. Federal National Mortgage Association et al**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Real Property | **FILE DATE:** | 02/27/2017 |
| **ACTION CODE:** | C99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Real Property Action | | |
| **CASE DISPOSITION DATE** | 04/14/2017 | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 04/14/2017 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil A |

## LINKED CASE

## DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 05/30/2017 | 04/14/2017 |
| Rule 15 Served By | 06/27/2017 | 04/14/2017 |
| Answer | 06/27/2017 | 04/14/2017 |
| Rule 12/19/20 Served By | 06/27/2017 | 04/14/2017 |
| Rule 15 Filed By | 07/27/2017 | 04/14/2017 |
| Rule 12/19/20 Filed By | 07/27/2017 | 04/14/2017 |
| Rule 12/19/20 Heard By | 08/28/2017 | 04/14/2017 |
| Rule 15 Heard By | 08/28/2017 | 04/14/2017 |
| Discovery | 12/26/2017 | 04/14/2017 |
| Rule 56 Served By | 01/23/2018 | 04/14/2017 |
| Rule 56 Filed By | 02/22/2018 | 04/14/2017 |
| Final Pre-Trial Conference | 06/22/2018 | 04/14/2017 |
| Judgment | 02/27/2019 | 04/14/2017 |

## PARTIES

**Plaintiff**
Josephine B. Donahue on behalf of Herself and all others so similarly situated.

659109
Todd Dion
Law Offices of Todd S. Dion Esq.
Law Offices of Todd S . Dion Esq.
15 Cottage Avenue
Quincy, MA 02169
Work Phone (401) 965-4131
Added Date: 02/27/2017

A TRUE COPY ATTEST

Clerk of Courts

# COMMONWEALTH OF MASSACHUSETTS
## PLYMOUTH COUNTY
### Docket Report

| Defendant | | 600760 |
|---|---|---|
| Federal National Mortgage Association | Maura K McKelvey<br>Hinshaw & Culbertson, LLP<br>Hinshaw & Culbertson, LLP<br>28 State Street<br>24th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7000<br>Added Date: 04/14/2017 | |
| **Defendant** | | **654859** |
| Ocwen Loan Servicing, LLC | Justin Mark Fabella<br>Hinshaw & Culbertson LLP<br>Hinshaw & Culbertson LLP<br>28 State Street<br>24th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7000<br>Added Date: 04/14/2017 | |

## PARTY CHARGES

| # | Offense Date/ Charge | Code | Town | Disposition | Disposition Date |
|---|---|---|---|---|---|
| | | | | | |

## EVENTS

| Date | Session | Event | Result | Resulting Judge |
|---|---|---|---|---|
| | | | | |

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 02/27/2017 | Civil Filing Fee (per Plaintiff)<br>Receipt: 5967 Date: 02/27/2017 | 240.00 | 240.00 | 0.00 | 0.00 |
| 02/27/2017 | Civil Security Fee (G.L. c. 262, § 4A)<br>Receipt: 5967 Date: 02/27/2017 | 20.00 | 20.00 | 0.00 | 0.00 |
| 02/27/2017 | Civil Surcharge (G.L. c. 262, § 4C)<br>Receipt: 5967 Date: 02/27/2017 | 15.00 | 15.00 | 0.00 | 0.00 |
| 02/27/2017 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 5967 Date: 02/27/2017 | 10.00 | 10.00 | 0.00 | 0.00 |
| | **Total** | **285.00** | **285.00** | **0.00** | **0.00** |

# COMMONWEALTH OF MASSACHUSETTS
## PLYMOUTH COUNTY
### Docket Report

| Deposit Account(s) Summary | Received | Applied | Checks Paid | Balance |
|---|---|---|---|---|
| **Total** | | | | |

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 02/27/2017 | | Attorney appearance<br>On this date Todd Dion , Esq. added for Plaintiff Josephine B. Donahue | |
| 02/27/2017 | | Case assigned to:<br>DCM Track F - Fast Track was added on 02/27/2017 | |
| 02/27/2017 | 1 | Original civil complaint filed. | |
| 02/27/2017 | 2 | Civil action cover sheet filed. | |
| 02/27/2017 | | Demand for jury trial entered. | |
| 02/27/2017 | | The following form was generated:<br><br>Tracking Order<br>Sent On:  02/27/2017 09:40:02 | |
| 04/14/2017 | 3 | Attorney appearance<br>On this date Justin Mark Fabella, Esq. added for Defendant Ocwen Loan Servicing, LLC | |
| 04/14/2017 | 4 | Attorney appearance<br>On this date Maura K McKelvey, Esq. added for Defendant Federal National Mortgage Association | |
| 04/14/2017 | 5 | Notice of Removal to the United States District Court filed by<br><br>Applies To : McKelvey, Esq., Maura K (Attorney) on behalf of Federal National Mortgage Association  (Defendant) | |
| 04/14/2017 | | Case transferred to another court. | |

**COMMONWEALTH OF MASSACHUSETTS**
**PLYMOUTH, SC**

**SUPERIOR COURT**

JOSEPHINE B. DONAHUE, on behalf of herself )
and all others so similarly situated )
)
)
*Plaintiffs,* )
)
)
vs. )
)
FEDERAL NATIONAL MORTGAGE )
ASSOCIATION, OCWEN LOAN SERVICING, LLC, )
)
*Defendants.* )
)
)
)

CA NO. 1783CV00306A

CLASS ACTION COMPLAINT

JURY DEMAND

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

FEB 27 2017

Clerk of Court

## INTRODUCTION

1.      Representative Plaintiff Josephine B. Donahue, on behalf of herself and all other similarly-situated individuals ("Plaintiffs") bring this class action as described in the paragraphs set forth herein.

2.      Plaintiffs seek a declaratory judgment that Defendants Government National Mortgage Association (Ginnie Mae) and Ocwen Loan Servicing, LLC (Ocwen) foreclosed mortgages, sold mortgaged properties at Mortgagee's Foreclosure Sales, and conveyed those properties without possessing specific authority or a power of attorney from note-holder/Lender, Government National Mortgage Association (Ginnie Mae) as is required pursuant to G.L. c. 183, § 32 and G.L. c. 184, § 4.

3.      The Defendants also were not authorized to accelerate or foreclose Plaintiffs' mortgages as those actions were in breach of paragraph 9(d) of those mortgages and were not permitted by regulations of Secretary of the Department of Housing and Urban Development, codified under

1

A TRUE COPY ATTEST

Clerk of Courts

24 CFR 203.604(b). Therefore, this complaint seeks damages arising from the wrongful actions of the Defendants by conducting non-judicial foreclosures, Mortgagee's Foreclosure Sales, and conveying real property in violation of G.L. c. 183, § 32 and G.L. c. 184, § 4, for breach of contract, and violation of 24 CFR 203.604(b).

## JURISDICTION AND VENUE

4.      Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the Commonwealth of Massachusetts.

5.      Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiffs are typical of the claims of the class.  Further, the Representative Plaintiffs will fairly and adequately protect the interest of the class.

6.      Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(b), the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

7.      Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(b), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.      Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(b), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

9.    Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(b), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

10.    Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(b), it is desirable to concentrate the litigation of the claims in this particular forum.

11.    Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(b), there are little to no difficulties likely to be encountered in the management of a classification.

12.    Plaintiffs and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances or in the alternative seek actual, exemplary, punitive, and monetary damages for the Defendants violation of G.L. c. 183, § 32 and G.L. c. 184, § 4, breach of the mortgage contract and violation of 24 CFR 203.604(b).

13.    Plaintiffs and members of the class claim a judicial determination whether the deed to their properties are affected by any conveyance of another person in each of their chain of title.

## PARTIES

14.    Representative Plaintiff Josephine B. Donahue is a citizen of the Commonwealth of Massachusetts and claims to be one of the rightful owner of the property located at 82 Cobb Lane, Scituate, MA 02066, which is the subject property as noted herein.

15.    Defendant Government National Mortgage Association (Ginnie Mae) is a Government Sponsored Enterprise (GSE), providing liquidity to financial markets focused on residential home mortgage lending. Ginnie Mae's headquarters are located at 425 3rd Street, SW, Suite 500, Washington, DC 20024

16.    Defendant Ocwen Loan Servicing, LLC is a residential mortgage servicing company with headquarters located at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

## GENERAL FACTS AND RELEVANT BACKGROUND

17.    The majority of mortgages made in this country are securitized. Simply put, the originating lender grants the initial loan and the borrower gives a promissory note (underlying obligation) and mortgage (security instrument) to that originating lender. The originating lender then typically "pools" that mortgage and note with other mortgages and notes, and sells all of their interest in and title to those notes and mortgages to a trust. The trust then sells "bonds" or "certificates" representing a percentage of the assets of the trust, mainly the notes and mortgages, and the cash flows associated with the monthly payments made thereon.

18.    Mortgages insured by the Federal Housing Authority (FHA) and their corresponding underlying obligations (notes) are originated by entities, such as Defendant Ginnie Mae's predecessor in interest, Reliant Mortgage Company, LLC, and are then pooled and transferred into mortgage backed trusts. Trusts backed by FHA insured mortgage loans are administrated by Government National Mortgage Association (Ginnie Mae). Ginnie Mae is a wholly-owned corporate instrumentality of the United States located within the Department of Housing and Urban Development and was created by the Housing and Urban Development Act of 1968, 825 Stat. 491. Its powers are prescribed generally by Title III of the National Housing Act, as amended, Pub. L. 73-479, codified at 12 U.S.C. 1716 et seq.

19.    The originating entity of FHA mortgages is also referred to as an Issuer. After originating a number of FHA mortgages, the Issuer creates pools of mortgages or loan packages of mortgages with those mortgages it has originated or acquired. It prepares and submits documents for each pooled loan to a document custodian (which may be the same entity as the Issuer), and documents describing the pool or loan package as a whole to a Pool Processing Agent ("PPA"). The Issuer markets securities guaranteed by Ginnie Mae that are collateralized by these pools or

loan packages. It administers the securities, providing the funds required for monthly payments to be made to security holders and reporting to Ginnie Mae. The Issuer is responsible for servicing the pooled mortgages until maturity or termination. (See: Exhibit 1; Ginnie Mae MBS Guide, Chapter 1, Sec. 1-10 (B)).

20.     Documents relating to the pooled mortgages must be held by a document custodian, which may be the same entity as the Issuer, on Ginnie Mae's behalf for the life of the pool or loan package. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-1).

21.     The document custodian is required to review and certify for each pool and loan package that the loan and pool or loan package documents placed in its control completely and accurately represent the pool or loan package in accordance with Ginnie Mae requirements. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-3).

22.     One of the documents that must be received and reviewed by the Document Custodian for initial certification of each pooled mortgage is an original note, or other evidence of indebtedness, endorsed in blank and without recourse by the pooling Issuer. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-4(A)(4)).

25.     As noted above at ¶ 22, Documents relating to the pooled mortgages must be held by a document custodian on Ginnie Mae's behalf. As noted above at ¶ 24, one of those documents is the original note, endorsed in blank and without recourse by the pooling Issuer, meaning that Ginnie Mae is the note-holder with respect to all FHA insured mortgage loans, regardless of the identity of the originating Issuer or servicing entity. As such Ginnie Mae is the note-holder/Lender of the mortgages given by Plaintiffs as noted herein.

26.     Additionally, all FHA standard mortgage contracts at paragraph 9(d) state that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the

case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

27.    At issue in this action is a Regulation codified in USC 24(B)(II)(B) 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

28.    USC 24(B)(II)(B) 203.604(c) further states that a face-to-face meeting is not required if: (1) the mortgagor does not reside in the mortgaged property, (2) the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either, (3) the mortgagor has clearly indicated that he will not cooperate in the interview, (4) a repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or (5) a reasonable effort to arrange a meeting is unsuccessful.

29.    USC 24(B)(II)(B) 203.604(d) additionally states that a reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

## ALLEGATIONS OF THE NAMED PLAINTIFFS

30.    The Representative Plaintiffs' repeat and re-allege every allegation above as if set forth herein in full.

31.    Plaintiffs bring this claim on their own behalf and on behalf of each member of the class described above.

32.    On March 31, 1972, Josephine B. Donahue, was granted one of the subject property located at 82 Cobb Lane, Scituate, RI 02066.  The deed evidencing the transfer of the subject property was recorded in the Plymouth County Registry of Deeds in Book 3763 at Page 414, on March 31, 1972.

33.    On June 22, 2010, Josephine B. Donahue executed a mortgage and note both in the amount of Four Hundred and Eighty Four Thousand Three Hundred Thirty and 00/100 ($484,330.00) Dollars, to Reliant Mortgage Company LLC as Lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee and nominee of Lender, Said mortgage was secured against the 82 Cobb Lane subject property and recorded in the Plymouth County Registry of Deeds in Book 38674 at Page 1 on June 28, 2010. ("The Donahue Mortgage" and "The Donahue Note").

34.    The Donahue Mortgage was designated as an "FHA" mortgage and noted as such on the mortgage itself on page one (1) with the "FHA case number" 451-4177468-703.

35.    Plaintiffs herein allege that all right title and interest in the note secured by the Donahue Mortgage, was pooled, sold, and otherwise transferred to Ginnie Mae, who is in fact the Lender and holder of the note given by Plaintiffs in return for the mortgage loan as noted herein.

36.     Subsequently, on good information and belief subject to further discovery, after recording of the Donahue Mortgage, Ocwen became the Issuer and/or servicer of a pool of FHA insured mortgages and notes held by Ginnie Mae, of which the Donahue Mortgage was a part.

37.     On June 10, 2014 MERS assigned the Donahue Mortgage to Ocwen. Said assignment was recorded in the Plymouth County Registry of Deeds in Book 44409 at Page 335 on June 12, 2014.

39.     On or about June 17, 2016, Ginnie Mae through Ocwen retained Harmon Law PC to foreclose the subject matter mortgage, and caused to be sent to Plaintiffs a Notice of Mortgagee's Foreclosure Sale, stating a scheduled mortgagee's sale date of July 21, 2016.

40.     Defendants Ginnie Mae and Ocwen foreclosed and the subject property was sold at mortgagee's foreclosure sale to Ginnie Mae, on July 21, 2016.

41.     Plaintiffs allege that neither Ginnie Mae and/or Ocwen had authority or power of attorney from note-holder "Lender" Ginnie Mae, authorizing them to foreclose, sell the subject property at mortgagee's foreclosure sale, or convey the subject property via foreclosure deed as is required by Massachusetts G.L. c. 183, § 32 and G.L. c. 184, § 4.  As such the foreclosure, mortgagee's foreclosure sale and conveyance by foreclosure deed are invalid, void, and without force and/or effect.

42.     Further, the foreclosure purportedly conducted by the Defendants is in breach of the mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

43.     Plaintiffs herein allege that neither Ginnie Mae or Ocwen had a face to face interview with the borrowers before three full monthly installments due on the mortgage were unpaid, and that the Defendants made no effort to arrange such a meeting.

44.     Plaintiffs further allege that the subject property is within 200 miles of a branch offices of the Defendants[1]; and that they occupied and still occupy the mortgaged property; and they never clearly indicated to the Defendants that they would not cooperate with such an interview; and they did not enter into a repayment plan, where payments thereunder were current, consistent with their circumstances to bring their account current, thus making a meeting unnecessary.

## CLASS ALLEGATIONS

45.     Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

46.     Plaintiffs bring this action as a Class Action pursuant to Mass. R. Civ. P. Rule 23.

47.     The Plaintiffs sue on behalf of themselves and all homeowners or former homeowners whose; mortgages were foreclosed, properties sold at Mortgagee's Foreclosure Sales and conveyed without Defendants Ocwen and/or Ginnie Mae possessing specific authority or a power of attorney from note-holder/Lender, Government National Mortgage Association (Ginnie Mae) as is required pursuant to Massachusetts G.L. c. 183, § 32 and G.L. c. 184, § 4. ;

48.     The Plaintiffs' sue on behalf of themselves and all homeowners or former homeowners wherein Defendants Ocwen and/or Ginnie Mae failed to have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage were unpaid; whose properties were within 200 miles of a branch office of the Defendants; who occupied the mortgaged property as their primary

---

[1] As example, Ocwen, maintained a branch office at 4 Technology Drive, Westborough, MA 01581 which is within 200 miles in driving distance from the Plaintiffs' mortgaged property. On good information and belief, subject to further discovery, Ocwen maintained said branch office at the time the Plaintiffs were 3 months delinquent on their mortgage.

contracts at 9(d) and violations of 24 CFR 203.604(b), are the direct cause of the harms alleged herein.

55.    Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

56.    Plaintiffs do not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants' books and records. Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

57.    All members of the class have been subject to and affected by the same conduct.

58.    The questions of law and fact are common to the class, and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

59.    The claims of the Named Plaintiffs are typical of the claims of the class and do not conflict with the interests of any other members of the class in that the Named Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

60.    The Named Plaintiffs will fairly and adequately represent the interests of the class as a whole. The Named Plaintiffs are committed to the vigorous prosecution of the class claims and has retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

61.    A Class Action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

62.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

63.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

64.    It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

65.    The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

66.    It is desirable to concentrate the litigation of the claims in this particular forum.

67.    There are little to no difficulties likely to be encountered in the management of a classification.

## COUNT I
### DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### VIOLATION OF MASS. G.L. c. 183, § 32 and G.L. c. 184, § 4.

68.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

69.    Plaintiffs bring this claim on their own behalf and on behalf of each member of the class described above.

70.    The subject matter notes at all times relevant to the foreclosure actions as noted herein were held by Ginnie Mae.

71.    Defendants Ocwen and Ginnie Mae did foreclose, conduct a mortgagee's foreclosure sales, and conveyed wrongfully foreclosed properties of Plaintiffs and members of the class,

residence; who never clearly indicated to the Defendants that they would not cooperate with such an interview; and who did not enter into a repayment plan, where payments thereunder were current, consistent with the their circumstances to bring the their account current thus making a meeting unnecessary, in breach of the mortgage contract at paragraph 9(d) and in violation of 24 CFR 203.604(b).

49.    The gravity of harm to Plaintiffs and members of the class resulting from the Defendants' violations of Massachusetts G.L. c. 183, § 32 and G.L. c. 184, § 4. , breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b) outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

50.    Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

51.    Plaintiffs and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

52.    Plaintiffs and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme emotional distress.

53.    Plaintiffs and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4, or in the alternative seek actual, exemplary, punitive, and monetary damages.

54.    Plaintiff claim on behalf of themselves and all others so similarly situated that the Defendants violations of Mass. G.L. c. 183, § 32 and G.L. c. 184, § 4, breach of mortgage

without authority and power of attorney from Ginnie Mae, in violation of Mass. G.L. c. 183, § 32 and G.L. c. 184, § 4.

72.    In order to be valid, a power of attorney must be recorded in the registry of deeds for the county or district in which the land to which it relates lies.  G.L. c. 183, § 32 ("The law relative to the acknowledgement and recording of deeds shall apply to letters of attorney for the conveyance of real estate.); G.L. c. 184, § 4 ("A conveyance . . . shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it . . . is recorded in the registry of deeds for the county or district in which the land to which it relates lies.").  Ramos v. Jones, 2015 WL 653260, at 4 n.7 (Mass Land Ct. Feb. 12, 2015) ("Powers of attorney would have had to have been recorded in order to be effective with respect to the rights of any outside party.")

73.    At all times when foreclosing Plaintiffs' mortgages, selling Plaintiffs' properties and conveying said properties via foreclosure deeds, Defendants Ginnie Mae and Ocwen was not the note-holder or "Lender" with respect to Plaintiffs' mortgages.

74.    At all times when foreclosing Plaintiffs' mortgages, selling Plaintiffs' properties and conveying said properties via foreclosure deeds, Defendants Ginnie Mae and Ocwen did not have specific authority or a power of attorney from note-holder "Lender" Ginnie Mae, authorizing Defendants to foreclosure, sell at mortgagee's foreclosure sale, and make conveyance by foreclosure deed of the subject property, as is required pursuant to Mass. G.L. c. 183, § 32 and G.L. c. 184, § 4. .

75.    Without authority from Ginnie Mae, Defendants lacked authority to exercise the statutory power of sale in Plaintiffs' mortgages.

76.    Absent Power of Attorney from Ginnie Mae, the conveyances of Plaintiffs' properties via foreclosure deed by Defendants as noted herein are in violation of Mass. G.L. c. 183, § 32 and G.L. c. 184, § 4.  and are void, invalid and without force and effect.

77.    As a direct result of Defendants actions, the Plaintiffs have suffered damages including emotional distress, loss of title to property, improper reporting to credit bureaus, lost opportunities to seek other loss mitigation alternatives to foreclosure, court costs, and attorney's fees in defenses of foreclosure and eviction.

78.    Plaintiffs are entitled to a Declaratory Judgment that the foreclosures, mortgagee's foreclosure sales, and conveyances of their properties via foreclosure deed are void, invalid, and without force and effect.

78.    Plaintiffs are entitled to have their foreclosure deeds rescinded and the titles their properties restored as if no foreclosures had taken place.

79.    As such, the foreclosures and mortgagee's foreclosure sales of Representative Plaintiffs subject property and the properties of the members of the class are therefore void.

80.    Plaintiffs claim on behalf of themselves and all others so similarly situated that the Defendants lack of authority and Power of Attorney, from Ginnie Mae, to exercise the statutory power of sale and violation Mass. G.L. c. 183, § 32 and G.L. c. 184, § 4.  , is the direct cause of the harms alleged herein.

81.    Plaintiffs and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

82.    Plaintiffs and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to

rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme emotional distress..

83.    The Plaintiffs and members of the class are entitled to a declaratory judgment determining that the foreclosure proceedings and/or sales of their property are void, or in the alternative are entitled to actual, exemplary, punitive, and monetary damages.

84.    Plaintiffs and members of the class are entitled to a Court Order requiring that Defendants take all necessary steps to restore legal title to their property as if no foreclosure sale had ever occurred.  In addition, Plaintiffs and members of the class are entitled to be returned to their status and circumstance prior to the wrongful foreclosure sales, or in the alternative are entitled to actual, exemplary, punitive, and monetary damages.

85.    Plaintiffs and members of the class are entitled to an injunction requiring that the Defendants be prevented from foreclosure action against Plaintiff and all others so similarly situated, or any eviction action until such time as proper notice is made pursuant to statute.

86.    The Plaintiffs and members of the class so similarly situated are entitled to cancellation of costs and fees assessed to their accounts for wrongful foreclosure, together with additional damages.

87.    Defendants conduct was likely to induce reliance and to create confusion and misunderstanding.

88.    Defendants conduct as set forth herein is not required, permitted or authorized by any state or federal law.

89.    Defendants conduct as set forth herein violates established public policy, and the harms caused to consumers greatly outweighs any benefits associated with that conduct.

91.     Plaintiffs and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

**COUNT II**
**BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE**

92.     Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

93.     Plaintiffs bring this claim on his own behalf and on behalf of each member of the class described above.

94.     As the entity responsible for servicing Plaintiffs and class members mortgage loans, Defendants owed the Plaintiffs and class members a duty of good faith and fair dealing.

95.     By breaching the terms of the mortgage contracts of Plaintiffs and members of the class as stated in paragraph 9(d) by proceeding and completing foreclosures when those actions were not permitted by regulations of the Secretary of the Department of Housing and Urban Development as codified in 24 CFR 203.604(b), PNC Bank, N.A. violated this duty.

96.     The Plaintiffs and members of the class were damaged by these breaches of duty including without limitation, loss of equity, lost opportunities to work-out their mortgage delinquency, and by imposition of inappropriate foreclosure fees and costs on their accounts.

97.     Plaintiffs and members of the class suffered severe and extreme emotional and mental distress as the direct result of the Defendants actions.

98.     The Plaintiffs and members of the class are entitled to a declaratory judgment determining that the foreclosures and mortgagee's foreclosure sales of their properties are void.

99.     The Plaintiffs and members of the class are entitled to an injunction preventing the transfer of the right, title, and interest in their properties.

100.   The Plaintiffs and members of the class are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

101.   Plaintiffs and members of the class are entitled to a Court Order requiring that Defendants take all necessary steps to restore legal title to their properties as if no foreclosure sale had ever occurred.   In addition, Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosure sales.

102.   Plaintiffs and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT III
## BREACH OF CONTRACT AND BREACH OF COVENANT
## OF GOOD FAITH AND FAIR DEALING

103.   Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

104.   Plaintiffs bring this claim on their own behalf and on behalf of each member of the class described above.

105.   As described above, the mortgage contracts entered into by Plaintiffs and members of the class constitute valid offers.

106.   Upon Plaintiffs and members of the class executing the mortgage contracts and giving them to their Lenders, those Lender's accepted those offers.

107.   Alternatively, Plaintiffs and members of the class' execution of those mortgage contracts thereby giving a security interest in their properties to their Lenders constitutes an offer. Acceptance of that offer occurred when Defendants accepted payments made by Plaintiffs and members of the class pursuant to the mortgage contract.

108.    The mortgage contracts were supported by consideration.  Plaintiffs and members of the class' payments to the Defendants constitutes consideration.

109.    Plaintiffs, members of the class and Defendants thereby formed valid contracts and Plaintiffs and members of the class were, are, and remain ready, willing and, able to perform under the contracts.

110.    Defendants breached the mortgage contracts of Plaintiffs and members of the class by refusing to honor the terms of the mortgage contracts as stated at paragraph 9(d) which states in pertinent part;

> 9(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

It is a regulation of the Secretary codified in 24 CFR 203.604(b) that:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid...  (See: 24 CFR .604(b)).

The Defendants failed to have face to face meetings with Plaintiffs and members of the class before three full monthly installments due on the mortgages were unpaid. Further, the Defendants failed to make reasonable efforts to arrange such meetings with Plaintiffs and members of the class.

18

111.    Plaintiffs and members of the class have suffered harm and are threatened with additional harm from Defendants breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

112.    The Defendants are obligated by contract and common law to act in good faith and to deal fairly with the Plaintiffs so as to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance.

113.    Upon good information and belief Defendants routinely and regularly acts in bad faith and breaches this duty for its own economic benefit, preventing contractual objectives from being achieved, by:

     a.  Failing to perform loan servicing functions consistent with its responsibilities to Plaintiffs and members of the class;

     b.  Failing to properly train and supervise its agents and employees, including without limitation, its loss mitigation and collection personnel, foreclosure personnel;

     c.  Failing to follow through on written and implied promises;

     d.  Failing to follow through on contractual obligations; and

     e.  As a result of these failures to act in good faith and the absence of fair dealing, the Defendants' caused Plaintiffs harm, as alleged above.  The Defendants' bad faith was thus to Plaintiffs detriment.

114.    As a result of the Defendants conduct, Plaintiffs and members of the class suffered

ascertainable damages and ascertainable losses including:

      a.     wrongful foreclosure;

      b.     otherwise avoidable potential loss of home to foreclosure;

      c.     increased fees and other costs to avoid or attempt to avoid

               foreclosure;

      d.     loss of savings in fruitless attempts to secure loan

               modification;

      e.     loss of opportunities to pursue other refinancing or loss

               mitigation strategies;

      f.     significant stress and emotional distress;

      g.     accrued interest and increased principal balances; and

      h.     less favorable potential modification terms.

115.    Plaintiffs and members of the class are entitled to actual, statutory and exemplary

damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief

as provided by state law.    *Plaintiffs demand trial by jury*

Dated: February 21, 2017

                          Respectfully Submitted,
                          Plaintiffs, on Behalf of Themselves
                          And All Others So Similarly Situated,
                          Through Their Attorney,

                          /s/ Todd S. Dion
                          Todd S. Dion Esq. (#6852)
                          15 Cottage Avenue, Ste 202
                          Quincy, MA 02169
                          401-353-1230 Phone
                          401-965-4131 Cell
                          401-353-1231 Fax
                          toddsdion@msn.com

a

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1783CV00206A | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): Josephine B Donahue et al
ADDRESS: 82 Cobb Lane
Scituate, MA 02066

COUNTY Plymouth

DEFENDANT(S): Ocwen Loan Servicing LLC; Government National Mortgage Assn

ATTORNEY: Todd S Dion Esq
ADDRESS: 15 Cottage Avenue Ste 202
Quincy, MA 02169

ADDRESS: 1661 Worthington Rd Ste 100
West Palm Beach FL 33409
425 2nd St SW Ste 500
Washington DC 20024

BBO: 659109

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

CODE NO. C99
TYPE OF ACTION (specify) Foreclosure Breach of contract
TRACK
HAS A JURY CLAIM BEEN MADE? ☑ YES ☐ NO

*If "Other" please describe:

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................ $
2. Total doctor expenses ................ $
3. Total chiropractic expenses ................ $
4. Total physical therapy expenses ................ $
5. Total other expenses (describe below) ................ $     Subtotal (A): $

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
FEB 27 2017
Clerk of Court

B. Documented lost wages and compensation to date ................ $
C. Documented property damages to dated ................ $
D. Reasonably anticipated future medical and hospital expenses ................ $
E. Reasonably anticipated lost wages ................ $
F. Other documented items of damages (describe below) ................ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Defendants breach term of mortgage prior to acceleration (Face to face meeting regulation)

TOTAL: $ 500,000.

Signature of Attorney/Pro Se Plaintiff: X _Todd Dion_   Date: 2/27/17

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _Todd Dion_

A TRUE COPY ATTEST
Clerk of Courts
Date: 2/27/17

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1783CV00206 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Josephine B. Donahue on behalf of Herself and all others so similarly situated. vs. Federal National Mortgage Association et al | Robert S. Creedon, Jr., Clerk of Courts |
|---|---|
| TO: File Copy , | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                          **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/30/2017 | |
| Response to the complaint filed (also see MRCP 12) | | 06/27/2017 | |
| All motions under MRCP 12, 19, and 20 | 06/27/2017 | 07/27/2017 | 08/28/2017 |
| All motions under MRCP 15 | 06/27/2017 | 07/27/2017 | 08/28/2017 |
| All discovery requests **and depositions** served and non-expert despositions completed | 12/26/2017 | | |
| All motions under MRCP 56 | 01/23/2018 | 02/22/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 06/22/2018 |
| Case shall be resolved and judgment shall issue by | | | 02/27/2019 |

**The final pre-trial deadline is not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 02/27/2017 | ASSISTANT CLERK | A TRUE COPY ATTEST *[signature]* Clerk of Courts | PHONE |
|---|---|---|---|

Date/Time Printed: 02-27-2017 09:40:02                                                           SCV026\ 11/2014

4/14/17

3

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 1783CV00206A

JOSEPHINE B. DONAHUE, on behalf of herself
and all others so similarly situated

     Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION AND OCWEN LOAN
SERVICING, LLC

     Defendants.



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

APR 1 4 2017

Clerk of Court

## NOTICE OF APPEARANCE OF VANESSA V. PISANO

    Please enter the appearance of Vanessa V. Pisano as counsel of record for the Defendant,

Ocwen Loan Servicing, LLC, in regard to the above-captioned matter.

               Respectfully submitted,

               OCWEN LOAN SERVICING, LLC

               By Its Attorneys,

               Vanessa V. Pisano, BBO #654859
               Hinshaw & Culbertson LLP
               28 State Street
               24th Floor
               Boston, MA 02109
               617-213-7000
               617-213-7001  (facsimile)

Dated:     April 13, 2017

A TRUE COPY ATTEST

Clerk of Courts

34741569v1 0996381

## CERTIFICATE OF SERVICE

I, Vanessa V. Pisano, hereby certify that on this 13th day of April 2017, I served a true and accurate copy of the foregoing document to counsel of record by U.S. Mail as follows:

Todd S. Dion, Esq.
15 Cottage Avenue
Suite 202
Quincy, MA 02169

_____
Vanessa V. Pisano

2

34741569v1 0996381

4/14/17

4

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS:                         SUPERIOR COURT DEPARTMENT
                                      OF THE TRIAL COURT
                                      CIVIL ACTION NO. 1783CV00206A

---

JOSEPHINE B. DONAHUE, on behalf of herself
and all others so similarly situated

       Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION AND OCWEN LOAN
SERVICING, LLC

       Defendants.

---

## NOTICE OF APPEARANCE OF MAURA K. MCKELVEY

Please enter the appearance of Maura K. McKelvey as counsel of record for the

Defendant, Ocwen Loan Servicing, LLC, in regard to the above-captioned matter.

                        Respectfully submitted,

                        OCWEN LOAN SERVICING, LLC

                        By Its Attorneys,

                        Maura K. McKelvey, BBO #600760
                        Hinshaw & Culbertson LLP
                        28 State Street
                        24th Floor
                        Boston, MA 02109
                        617-213-7000
                        617-213-7001  (facsimile)

Dated:    April 13, 2017

A TRUE COPY ATTEST

Clerk of Courts

34741568v1 0996381

## CERTIFICATE OF SERVICE

I, Maura K. McKelvey, hereby certify that on this 13th day of April 2017, I served a true and accurate copy of the foregoing document to counsel of record by U.S. Mail as follows:

Todd S. Dion, Esq.
15 Cottage Avenue
Suite 202
Quincy, MA 02169

_____

Maura K. McKelvey

2

4/14/17

5

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 1783CV00206A

JOSEPHINE B. DONAHUE, on behalf of herself
and all others so similarly situated,

     *Plaintiff,*

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION AND OCWEN LOAN
SERVICING, LLC,

     *Defendants.*



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

APR 1 4 2017

Clerk of Court

### <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

**TO:    The Honorable Justices of the Superior Court of the Commonwealth of Massachusetts for Plymouth County and all Parties**

Pursuant to 28 U.S.C. § 1446(d), the Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), hereby provides notice that on April 13, 2017 it filed a Notice of Removal of this action in the United States District Court for the District of Massachusetts. A true copy of the as-filed Notice of Removal is attached hereto as Exhibit A. The state court shall proceed no further. Please provide certified copies of all pleadings filed to date in the Superior Court action so that we may file the same with the United States District Court.

*[SIGNATURE PAGE FOLLOWS]*

A TRUE COPY ATTEST

Clerk of Courts

34748204V1 0996381

Respectfully submitted,

Attorneys for Defendant,

*OCWEN LOAN SERVICING, LLC,*

Maura K. McKelvey, BBO # 600760
Vanessa V. Pisano, BBO #679649
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: (617) 213-7000 / Fax: (617) 213-7001
Email: mmckelvey@hinshawlaw.com
        vpisano@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Maura K. McKelvey, hereby certify that on this 13th day of April 2017, I served a true and accurate copy of the foregoing document to counsel of record by U.S. Mail as follows:

Todd S. Dion, Esq.
15 Cottage Avenue
Suite 202
Quincy, MA 02169

Maura K. McKelvey

2

34748204V1 0996381

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPHINE B. DONAHUE, on behalf of herself and all others so similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION AND OCWEN LOAN SERVICING, LLC, <br><br> *Defendants.* | CIVIL ACTION NO. 17-10635 |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), hereby removes the above-captioned action to this Court based upon the following supporting grounds:

## I.    PROCEDURAL BACKGROUND AND NATURE OF ACTION

1.    On or about February 27, 2017, the Plaintiff, Josephine B. Donahue ("Plaintiff" or "Ms. Donahue"), filed a purported class action complaint (the "Complaint") in the Plymouth County Superior Court, captioned as *Josephine B. Donahue, on behalf of herself and all others so similarly situated v. Federal National Mortgage Association and Ocwen Loan Servicing, LLC,* Civil Action No. 1783CV00206A.  A copy of Plaintiff's Complaint ("Complaint") and all other process and pleadings served upon the Ocwen in this action are attached hereto as Exhibit 1 ("Ex. 1").

2.      Ocwen was served with the Complaint on or about March 14, 2017.

3.      Ocwen's counsel has communicated with counsel for the co-defendant, Government National Mortgage Association ("GNMA"), who has confirmed that GNMA consents to the removal of this action to federal court.

4.      In her Complaint, Plaintiff asserts, *inter alia*, claims for: (i) declaratory judgment and injunctive relief based on alleged violations of M.G.L. c. 183, § 32 and c. 184, § 4 (Ex. 1 at pp. 11-16, Count I); (ii) breach of duty of good faith and reasonable diligence (Ex. 1 at pp. 16-17, Count II); and (iii) breach of contract and breach of covenant of good faith and fair dealing (Ex. 1 at 17-18, Count III).  Plaintiff's claims are based on the allegations that Defendants lacked authority to foreclose on behalf of the foreclosing entity, and further breached certain provisions of the mortgage contract by failing to conduct a face-to-face interview prior to commencing foreclosure in violation of HUD regulation 24 C.F.R. § 203.604.

5.      Plaintiff purports to bring her case as a class action "pursuant to Mass. R. Civ. P. Rule 23" on behalf of "all homeowners or former owners whose[] mortgages were foreclosed, properties sold…and conveyed without Defendants...possessing specific authority or a power of attorney. . .as is required pursuant to Massachusetts G.L. c. 183, § 32 and G.L. c. 184, § 4." (Ex. 1 at ¶¶ 46-47.) Plaintiff further sues on behalf of "all homeowners and former homeowners wherein Defendants…failed to have face-to-face interviews with the mortgagors" in violation of 24 C.F.R. 203.604." (*Id.* at ¶ 48.)

II.      **THE COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION**

6.      The United States District Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. 1332(a) because the action is between citizens

2

of different states and the matter-in-controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. 1322(a)(1).

7.      First, there is complete diversity of citizenship under 28 U.S.C. § 1332(a). According to her Complaint, Plaintiff is a citizen of Massachusetts as she resides at the real property located at 82 Cobb Lane, Scituate, Massachusetts 02066 (the "Property"). (Ex. 1 at ¶ 15).

8.      Ocwen Loan Servicing, LLC is a limited liability company organized under the laws of the State of Delaware, and has a principal place of business in Florida. However, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See, e.g., Pramco, LLC ex. rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006) ("every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members"). Ocwen Loan Servicing, LLC's sole member is Ocwen Financial Corporation, which is incorporated in the state of Florida and has a principal place of business in the State of Georgia. Accordingly, Ocwen Loan Servicing, LLC is a citizen of Florida and Georgia for purposes of determining diversity jurisdiction. *Pickens v. U.S. Bank Nat'l Ass'n*, No. 3:12-CV-2210-O-BK, 2013 WL 866171, at *5 (N.D. Tex. Jan. 8, 2013) ("Defendant Ocwen, a limited liability company, has citizenship of its members.").

9.      GNMA is a federally-charted corporation with its principal place of business and headquarters in Washington, D.C. Accordingly, GNMA is a citizen of the District of Columbia for diversity jurisdiction purposes. *See General Motors Acceptance Corp. v. Camilleri Bros. Chevrolet of Holyoke, Inc.*, 109 F. Supp. 2d 58, 60 (D. Mass. 2000) (a corporation is a citizen of

34747877v1 0996381

the state in which "it has been incorporated and where it has its principal place of business.") (citing 28 U.S.C. § 1332(c)).

10.     Thus, Plaintiff and Defendants are citizens of different states for diversity purposes, and the complete diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied in this case.

11.     Second, the amount-in-controversy exceeds $75,000.00.  Plaintiff's Complaint seeks, *inter alia*, a declaration of rights based upon a loan provided to Plaintiff in the original principal amount of $484,330.00 and a mortgage which secured payment of that loan on the Property, as well as "actual, statutory and exemplary damages, restitution, an accounting, and attorneys' fees and costs." (Ex. 1 at ¶¶ 78-79, 81-86, 91, 98-102, 114-15.)

12.     Where the right to enforce a mortgage loan is at issue, the original principal amount of the mortgage may constitute the amount in controversy for diversity jurisdiction purposes.  *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 211-12 (1st Cir. 2012) (considering, among other potential tests, the loan amount as amount in controversy in cases where complaint seeks to invalidate a loan secured by a mortgage); *McLarnon v. Deutsche Bank National Trust Company*, C.A. 15-11799-FDS, 2015 WL 420127, at *3 (D. Mass. July 10, 2015) (holding that amount in controversy can be determined by the face value of the loan in question); *Larace v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d. 147, 151 (D. Mass. 2013) ("[I]t is reasonable to designate the amount in controversy as the value of the mortgage, since Plaintiffs' petition does not specify a damage amount and Defendants' mortgage interest would be extinguished if Plaintiffs were ultimately successful."). The amount in controversy, therefore, exceeds $75,000.00, exclusive of interest and costs.

4

13.    Accordingly, this Court has jurisdiction over this action based upon diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## III.    OCWEN HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

14.    Removal is timely under 28 U.S.C. §1446(b), as fewer than 30 days have elapsed since Ocwen was served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

15.    In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to the Plaintiff, and will be filed with the Clerk of Courts for the Plymouth County Superior Court, following filing of this Notice of Removal.

16.    Certified or attested copies of all records and proceedings before the Plymouth County Superior Court will be filed with this Court within 28 days, in accordance with LR 81.1.

17.    Ocwen reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Fed. R. Civ. P. 12.

WHEREFORE, the Defendant, Ocwen Loan Servicing, LLC, hereby removes this action from the Plymouth County Superior Court to the United States District Court for the District of Massachusetts.

*[SIGNATURE PAGE FOLLOWS]*

34747877v1 0996381

Respectfully submitted,

Attorneys for Defendant,

*OCWEN LOAN SERVICING, LLC,*

*/s/ Maura K. McKelvey*
Maura K. McKelvey, BBO # 600760
Vanessa V. Pisano, BBO #679649
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: (617) 213-7000 / Fax: (617) 213-7001
Email:  mmckelvey@hinshawlaw.com
           vpisano@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Maura K. McKelvey, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 13, 2017.

*/s/ Maura K. McKelvey*
Maura K. McKelvey

34747877v1 0996381

# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS                     SUPERIOR COURT
PLYMOUTH, SC

JOSEPHINE B. DONAHUE, on behalf of herself     )
and all others so similarly situated           )        CA NO.
                                               )
                                               )
                     *Plaintiffs*,             )        CLASS ACTION COMPLAINT
                                               )
                                               )
vs.                                            )        JURY DEMAND
                                               )
FEDERAL NATIONAL MORTGAGE                      )
ASSOCIATION, OCWEN LOAN SERVICING, LLC,        )
                                               )
                     *Defendants*.             )
                                               )
                                               )

## INTRODUCTION

1.     Representative Plaintiff Josephine B. Donahue, on behalf of herself and all other

similarly-situated individuals ("Plaintiffs") bring this class action as described in the paragraphs

set forth herein.

2.     Plaintiffs seek a declaratory judgment that Defendants Government National Mortgage

Association (Ginnie Mae) and Ocwen Loan Servicing, LLC (Ocwen) foreclosed mortgages, sold

mortgaged properties at Mortgagee's Foreclosure Sales, and conveyed those properties without

possessing specific authority or a power of attorney from note-holder/Lender, Government

National Mortgage Association (Ginnie Mae) as is required pursuant to G.L. c. 183, § 32 and

G.L. c. 184, § 4.

3.     The Defendants also were not authorized to accelerate or foreclose Plaintiffs' mortgages

as those actions were in breach of paragraph 9(d) of those mortgages and were not permitted by

regulations of Secretary of the Department of Housing and Urban Development, codified under

24 CFR 203.604(b). Therefore, this complaint seeks damages arising from the wrongful actions of the Defendants by conducting non-judicial foreclosures, Mortgagee's Foreclosure Sales, and conveying real property in violation of G.L. c. 183, § 32 and G.L. c. 184, § 4, for breach of contract, and violation of 24 CFR 203.604(b).

## JURISDICTION AND VENUE

4.    Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the Commonwealth of Massachusetts.

5.    Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiffs are typical of the claims of the class.    Further, the Representative Plaintiffs will fairly and adequately protect the interest of the class.

6.    Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(b), the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

7.    Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(b), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.    Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(b), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

9.    Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(b), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

10.    Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(b), it is desirable to concentrate the litigation of the claims in this particular forum.

11.    Pursuant to Massachusetts Superior Ct. R. Civ. P. Rule 23(b), there are little to no difficulties likely to be encountered in the management of a classification.

12.    Plaintiffs and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances or in the alternative seek actual, exemplary, punitive, and monetary damages for the Defendants violation of G.L. c. 183, § 32 and G.L. c. 184, § 4, breach of the mortgage contract and violation of 24 CFR 203.604(b).

13.    Plaintiffs and members of the class claim a judicial determination whether the deed to their properties are affected by any conveyance of another person in each of their chain of title.

## PARTIES

14.    Representative Plaintiff Josephine B. Donahue is a citizen of the Commonwealth of Massachusetts and claims to be one of the rightful owner of the property located at 82 Cobb Lane, Scituate, MA 02066, which is the subject property as noted herein.

15.    Defendant Government National Mortgage Association (Ginnie Mae) is a Government Sponsored Enterprise (GSE), providing liquidity to financial markets focused on residential home mortgage lending. Ginnie Mae's headquarters are located at 425 3rd Street, SW, Suite 500, Washington, DC 20024

16.    Defendant Ocwen Loan Servicing, LLC is a residential mortgage servicing company with headquarters located at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

## GENERAL FACTS AND RELEVANT BACKGROUND

17.     The majority of mortgages made in this country are securitized. Simply put, the originating lender grants the initial loan and the borrower gives a promissory note (underlying obligation) and mortgage (security instrument) to that originating lender. The originating lender then typically "pools" that mortgage and note with other mortgages and notes, and sells all of their interest in and title to those notes and mortgages to a trust. The trust then sells "bonds" or "certificates" representing a percentage of the assets of the trust, mainly the notes and mortgages, and the cash flows associated with the monthly payments made thereon.

18.     Mortgages insured by the Federal Housing Authority (FHA) and their corresponding underlying obligations (notes) are originated by entities, such as Defendant Ginnie Mae's predecessor in interest, Reliant Mortgage Company, LLC, and are then pooled and transferred into mortgage backed trusts. Trusts backed by FHA insured mortgage loans are administrated by Government National Mortgage Association (Ginnie Mae). Ginnie Mae is a wholly-owned corporate instrumentality of the United States located within the Department of Housing and Urban Development and was created by the Housing and Urban Development Act of 1968, 825 Stat. 491. Its powers are prescribed generally by Title III of the National Housing Act, as amended, Pub. L. 73-479, codified at 12 U.S.C. 1716 et seq.

19.     The originating entity of FHA mortgages is also referred to as an Issuer. After originating a number of FHA mortgages, the Issuer creates pools of mortgages or loan packages of mortgages with those mortgages it has originated or acquired. It prepares and submits documents for each pooled loan to a document custodian (which may be the same entity as the Issuer), and documents describing the pool or loan package as a whole to a Pool Processing Agent ("PPA"). The Issuer markets securities guaranteed by Ginnie Mae that are collateralized by these pools or

loan packages. It administers the securities, providing the funds required for monthly payments to be made to security holders and reporting to Ginnie Mae. The Issuer is responsible for servicing the pooled mortgages until maturity or termination. (See: Exhibit 1; Ginnie Mae MBS Guide, Chapter 1, Sec. 1-10 (B)).

20.    Documents relating to the pooled mortgages must be held by a document custodian, which may be the same entity as the Issuer, on Ginnie Mae's behalf for the life of the pool or loan package. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-1).

21.    The document custodian is required to review and certify for each pool and loan package that the loan and pool or loan package documents placed in its control completely and accurately represent the pool or loan package in accordance with Ginnie Mae requirements. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-3).

22.    One of the documents that must be received and reviewed by the Document Custodian for initial certification of each pooled mortgage is an original note, or other evidence of indebtedness, endorsed in blank and without recourse by the pooling Issuer. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-4(A)(4)).

25.    As noted above at ¶ 22, Documents relating to the pooled mortgages must be held by a document custodian on Ginnie Mae's behalf. As noted above at ¶ 24, one of those documents is the original note, endorsed in blank and without recourse by the pooling Issuer, meaning that Ginnie Mae is the note-holder with respect to all FHA insured mortgage loans, regardless of the identity of the originating Issuer or servicing entity. As such Ginnie Mae is the note-holder/Lender of the mortgages given by Plaintiffs as noted herein.

26.    Additionally, all FHA standard mortgage contracts at paragraph 9(d) state that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the

case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

27.    At issue in this action is a Regulation codified in USC 24(B)(II)(B) 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

28.    USC 24(B)(II)(B) 203.604(c) further states that a face-to-face meeting is not required if: (1) the mortgagor does not reside in the mortgaged property, (2) the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either, (3) the mortgagor has clearly indicated that he will not cooperate in the interview, (4) a repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or (5) a reasonable effort to arrange a meeting is unsuccessful.

29.    USC 24(B)(II)(B) 203.604(d) additionally states that a reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

## ALLEGATIONS OF THE NAMED PLAINTIFFS

30.    The Representative Plaintiffs' repeat and re-allege every allegation above as if set forth herein in full.

31.    Plaintiffs bring this claim on their own behalf and on behalf of each member of the class described above.

32.    On March 31, 1972, Josephine B. Donahue, was granted one of the subject property located at 82 Cobb Lane, Scituate, RI 02066. The deed evidencing the transfer of the subject property was recorded in the Plymouth County Registry of Deeds in Book 3763 at Page 414, on March 31, 1972.

33.    On June 22, 2010, Josephine B. Donahue executed a mortgage and note both in the amount of Four Hundred and Eighty Four Thousand Three Hundred Thirty and 00/100 ($484,330.00) Dollars, to Reliant Mortgage Company LLC as Lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee and nominee of Lender, Said mortgage was secured against the 82 Cobb Lane subject property and recorded in the Plymouth County Registry of Deeds in Book 38674 at Page 1 on June 28, 2010. ("The Donahue Mortgage" and "The Donahue Note").

34.    The Donahue Mortgage was designated as an "FHA" mortgage and noted as such on the mortgage itself on page one (1) with the "FHA case number" 451-4177468-703.

35.    Plaintiffs herein allege that all right title and interest in the note secured by the Donahue Mortgage, was pooled, sold, and otherwise transferred to Ginnie Mae, who is in fact the Lender and holder of the note given by Plaintiffs in return for the mortgage loan as noted herein.

36.     Subsequently, on good information and belief subject to further discovery, after recording of the Donahue Mortgage, Ocwen became the Issuer and/or servicer of a pool of FHA insured mortgages and notes held by Ginnie Mae, of which the Donahue Mortgage was a part.

37.     On June 10, 2014 MERS assigned the Donahue Mortgage to Ocwen. Said assignment was recorded in the Plymouth County Registry of Deeds in Book 44409 at Page 335 on June 12, 2014.

39.     On or about June 17, 2016, Ginnie Mae through Ocwen retained Harmon Law PC to foreclose the subject matter mortgage, and caused to be sent to Plaintiffs a Notice of Mortgagee's Foreclosure Sale, stating a scheduled mortgagee's sale date of July 21, 2016.

40.     Defendants Ginnie Mae and Ocwen foreclosed and the subject property was sold at mortgagee's foreclosure sale to Ginnie Mae, on July 21, 2016.

41.     Plaintiffs allege that neither Ginnie Mae and/or Ocwen had authority or power of attorney from note-holder "Lender" Ginnie Mae, authorizing them to foreclose, sell the subject property at mortgagee's foreclosure sale, or convey the subject property via foreclosure deed as is required by Massachusetts G.L. c. 183, § 32 and G.L. c. 184, § 4.  As such the foreclosure, mortgagee's foreclosure sale and conveyance by foreclosure deed are invalid, void, and without force and/or effect.

42.     Further, the foreclosure purportedly conducted by the Defendants is in breach of the mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

43.      Plaintiffs herein allege that neither Ginnie Mae or Ocwen had a face to face interview with the borrowers before three full monthly installments due on the mortgage were unpaid, and that the Defendants made no effort to arrange such a meeting.

44.      Plaintiffs further allege that the subject property is within 200 miles of a branch offices of the Defendants[1]; and that they occupied and still occupy the mortgaged property; and they never clearly indicated to the Defendants that they would not cooperate with such an interview; and they did not enter into a repayment plan, where payments thereunder were current, consistent with their circumstances to bring their account current, thus making a meeting unnecessary.

## CLASS ALLEGATIONS

45.      Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

46.      Plaintiffs bring this action as a Class Action pursuant to Mass. R. Civ. P. Rule 23.

47.      The Plaintiffs sue on behalf of themselves and all homeowners or former homeowners whose; mortgages were foreclosed, properties sold at Mortgagee's Foreclosure Sales and conveyed without Defendants Ocwen and/or Ginnie Mae possessing specific authority or a power of attorney from note-holder/Lender, Government National Mortgage Association (Ginnie Mae) as is required pursuant to Massachusetts G.L. c. 183, § 32 and G.L. c. 184, § 4. ;

48.      The Plaintiffs' sue on behalf of themselves and all homeowners or former homeowners wherein Defendants Ocwen and/or Ginnie Mae failed to have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage were unpaid; whose properties were within 200 miles of a branch office of the Defendants; who occupied the mortgaged property as their primary

---

[1] As example, Ocwen, maintained a branch office at 4 Technology Drive, Westborough, MA 01581 which is within 200 miles in driving distance from the Plaintiffs' mortgaged property. On good information and belief, subject to further discovery, Ocwen maintained said branch office at the time the Plaintiffs were 3 months delinquent on their mortgage.

residence; who never clearly indicated to the Defendants that they would not cooperate with such an interview; and who did not enter into a repayment plan, where payments thereunder were current, consistent with the their circumstances to bring the their account current thus making a meeting unnecessary, in breach of the mortgage contract at paragraph 9(d) and in violation of 24 CFR 203.604(b).

49.     The gravity of harm to Plaintiffs and members of the class resulting from the Defendants' violations of Massachusetts G.L. c. 183, § 32 and G.L. c. 184, § 4. , breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b) outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

50.     Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

51.     Plaintiffs and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

52.     Plaintiffs and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme emotional distress.

53.     Plaintiffs and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4, or in the alternative seek actual, exemplary, punitive, and monetary damages.

54.     Plaintiff' claim on behalf of themselves and all others so similarly situated that the Defendants violations of Mass. G.L. c. 183, § 32 and G.L. c. 184, § 4, breach of mortgage

contracts at 9(d) and violations of 24  CFR 203.604(b), are the direct cause of the harms alleged herein.

55.    Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

56.    Plaintiffs do not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants.    Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants' books and records.  Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

57.    All members of the class have been subject to and affected by the same conduct.

58.    The questions of law and fact are common to the class, and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

59.    The claims of the Named Plaintiffs are typical of the claims of the class and do not conflict with the interests of any other members of the class in that the Named Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

60.    The Named Plaintiffs will fairly and adequately represent the interests of the class as a whole.  The Named Plaintiffs are committed to the vigorous prosecution of the class claims and has retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

61.    A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

62.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

63.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

64.    It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

65.    The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

66.    It is desirable to concentrate the litigation of the claims in this particular forum.

67.    There are little to no difficulties likely to be encountered in the management of a classification.

**COUNT I**
**DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**
**VIOLATION OF MASS. G.L. c. 183, § 32 and G.L. c. 184, § 4.**

68.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

69.    Plaintiffs bring this claim on their own behalf and on behalf of each member of the class described above.

70.    The subject matter notes at all times relevant to the foreclosure actions as noted herein were held by Ginnie Mae.

71.    Defendants Ocwen and Ginnie Mae did foreclose, conduct a mortgagee's foreclosure sales, and conveyed wrongfully foreclosed properties of Plaintiffs and members of the class,

without authority and power of attorney from Ginnie Mae, in violation of Mass. G.L. c. 183, § 32 and G.L. c. 184, § 4.

72.    In order to be valid, a power of attorney must be recorded in the registry of deeds for the county or district in which the land to which it relates lies.  G.L. c. 183, § 32 ("The law relative to the acknowledgement and recording of deeds shall apply to letters of attorney for the conveyance of real estate.); G.L. c. 184, § 4 ("A conveyance . . . shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it . . . is recorded in the registry of deeds for the county or district in which the land to which it relates lies."). Ramos v. Jones, 2015 WL 653260, at 4 n.7 (Mass Land Ct. Feb. 12, 2015) ("Powers of attorney would have had to have been recorded in order to be effective with respect to the rights of any outside party.")

73.    At all times when foreclosing Plaintiffs' mortgages, selling Plaintiffs' properties and conveying said properties via foreclosure deeds, Defendants Ginnie Mae and Ocwen was not the note-holder or "Lender" with respect to Plaintiffs' mortgages.

74.    At all times when foreclosing Plaintiffs' mortgages, selling Plaintiffs' properties and conveying said properties via foreclosure deeds, Defendants Ginnie Mae and Ocwen did not have specific authority or a power of attorney from note-holder "Lender" Ginnie Mae, authorizing Defendants to foreclosure, sell at mortgagee's foreclosure sale, and make conveyance by foreclosure deed of the subject property, as is required pursuant to Mass. G.L. c. 183, § 32 and G.L. c. 184, § 4. .

75.    Without authority from Ginnie Mae, Defendants lacked authority to exercise the statutory power of sale in Plaintiffs' mortgages.

76.    Absent Power of Attorney from Ginnie Mae, the conveyances of Plaintiffs' properties via foreclosure deed by Defendants as noted herein are in violation of Mass. G.L. c. 183, § 32 and G.L. c. 184, § 4.   and are void, invalid and without force and effect.

77.    As a direct result of Defendants actions, the Plaintiffs have suffered damages including emotional distress, loss of title to property, improper reporting to credit bureaus, lost opportunities to seek other loss mitigation alternatives to foreclosure, court costs, and attorney's fees in defenses of foreclosure and eviction.

78.    Plaintiffs are entitled to a Declaratory Judgment that the foreclosures, mortgagee's foreclosure sales, and conveyances of their properties via foreclosure deed are void, invalid, and without force and effect.

78.    Plaintiffs are entitled to have their foreclosure deeds rescinded and the titles their properties restored as if no foreclosures had taken place.

79.    As such, the foreclosures and mortgagee's foreclosure sales of Representative Plaintiffs subject property and the properties of the members of the class are therefore void.

80.    Plaintiffs claim on behalf of themselves and all others so similarly situated that the Defendants lack of authority and Power of Attorney, from Ginnie Mae, to exercise the statutory power of sale and violation Mass. G.L. c. 183, § 32 and G.L. c. 184, § 4.   , is the direct cause of the harms alleged herein.

81.    Plaintiffs and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

82.    Plaintiffs and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to

rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme emotional distress..

83.    The Plaintiffs and members of the class are entitled to a declaratory judgment determining that the foreclosure proceedings and/or sales of their property are void, or in the alternative are entitled to actual, exemplary, punitive, and monetary damages.

84.    Plaintiffs and members of the class are entitled to a Court Order requiring that Defendants take all necessary steps to restore legal title to their property as if no foreclosure sale had ever occurred.  In addition, Plaintiffs and members of the class are entitled to be returned to their status and circumstance prior to the wrongful foreclosure sales, or in the alternative are entitled to actual, exemplary, punitive, and monetary damages.

85.    Plaintiffs and members of the class are entitled to an injunction requiring that the Defendants be prevented from foreclosure action against Plaintiff and all others so similarly situated, or any eviction action until such time as proper notice is made pursuant to statute.

86.    The Plaintiffs and members of the class so similarly situated are entitled to cancellation of costs and fees assessed to their accounts for wrongful foreclosure, together with additional damages.

87.    Defendants conduct was likely to induce reliance and to create confusion and misunderstanding.

88.    Defendants conduct as set forth herein is not required, permitted or authorized by any state or federal law.

89.    Defendants conduct as set forth herein violates established public policy, and the harms caused to consumers greatly outweighs any benefits associated with that conduct.

91.   Plaintiffs and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
### BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE

92.   Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

93.   Plaintiffs bring this claim on his own behalf and on behalf of each member of the class described above.

94.   As the entity responsible for servicing Plaintiffs and class members mortgage loans, Defendants owed the Plaintiffs and class members a duty of good faith and fair dealing.

95.   By breaching the terms of the mortgage contracts of Plaintiffs and members of the class as stated in paragraph 9(d) by proceeding and completing foreclosures when those actions were not permitted by regulations of the Secretary of the Department of Housing and Urban Development as codified in 24 CFR 203.604(b), PNC Bank, N.A. violated this duty.

96.   The Plaintiffs and members of the class were damaged by these breaches of duty including without limitation, loss of equity, lost opportunities to work-out their mortgage delinquency, and by imposition of inappropriate foreclosure fees and costs on their accounts.

97.   Plaintiffs and members of the class suffered severe and extreme emotional and mental distress as the direct result of the Defendants actions.

98.   The Plaintiffs and members of the class are entitled to a declaratory judgment determining that the foreclosures and mortgagee's foreclosure sales of their properties are void.

99.   The Plaintiffs and members of the class are entitled to an injunction preventing the transfer of the right, title, and interest in their properties.

100.    The Plaintiffs and members of the class are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

101.    Plaintiffs and members of the class are entitled to a Court Order requiring that Defendants take all necessary steps to restore legal title to their properties as if no foreclosure sale had ever occurred.   In addition, Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosure sales.

102.    Plaintiffs and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT III
## BREACH OF CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

103.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

104.    Plaintiffs bring this claim on their own behalf and on behalf of each member of the class described above.

105.    As described above, the mortgage contracts entered into by Plaintiffs and members of the class constitute valid offers.

106.    Upon Plaintiffs and members of the class executing the mortgage contracts and giving them to their Lenders, those Lender's accepted those offers.

107.    Alternatively, Plaintiffs and members of the class' execution of those mortgage contracts thereby giving a security interest in their properties to their Lenders constitutes an offer. Acceptance of that offer occurred when Defendants accepted payments made by Plaintiffs and members of the class pursuant to the mortgage contract.

108.    The mortgage contracts were supported by consideration.  Plaintiffs and members of the class' payments to the Defendants constitutes consideration.

109.    Plaintiffs, members of the class and Defendants thereby formed valid contracts and Plaintiffs and members of the class were, are, and remain ready, willing and, able to perform under the contracts.

110.    Defendants breached the mortgage contracts of Plaintiffs and members of the class by refusing to honor the terms of the mortgage contracts as stated at paragraph 9(d) which states in pertinent part;

> 9(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

It is a regulation of the Secretary codified in 24 CFR 203.604(b) that:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid...  (See: 24 CFR .604(b)).

The Defendants failed to have face to face meetings with Plaintiffs and members of the class before three full monthly installments due on the mortgages were unpaid. Further, the Defendants failed to make reasonable efforts to arrange such meetings with Plaintiffs and members of the class.

111.   Plaintiffs and members of the class have suffered harm and are threatened with additional harm from Defendants breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

112.   The Defendants are obligated by contract and common law to act in good faith and to deal fairly with the Plaintiffs so as to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance.

113.   Upon good information and belief Defendants routinely and regularly acts in bad faith and breaches this duty for its own economic benefit, preventing contractual objectives from being achieved, by:

  a.   Failing to perform loan servicing functions consistent with its responsibilities to Plaintiffs and members of the class;

  b.   Failing to properly train and supervise its agents and employees, including without limitation, its loss mitigation and collection personnel, foreclosure personnel;

  c.   Failing to follow through on written and implied promises;

  d.   Failing to follow through on contractual obligations; and

  e.   As a result of these failures to act in good faith and the absence of fair dealing, the Defendants' caused Plaintiffs harm, as alleged above.  The Defendants' bad faith was thus to Plaintiffs detriment.

114.    As a result of the Defendants conduct, Plaintiffs and members of the class suffered ascertainable damages and ascertainable losses including:

     a.    wrongful foreclosure;

     b.    otherwise avoidable potential loss of home to foreclosure;

     c.    increased fees and other costs to avoid or attempt to avoid foreclosure;

     d.    loss of savings in fruitless attempts to secure loan modification;

     e.    loss of opportunities to pursue other refinancing or loss mitigation strategies;

     f.    significant stress and emotional distress;

     g.    accrued interest and increased principal balances; and

     h.    less favorable potential modification terms.

115.    Plaintiffs and members of the class are entitled to actual, statutory and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: February 21, 2017

                 Respectfully Submitted,
                 Plaintiffs, on Behalf of Themselves
                 And All Others So Similarly Situated,
                 Through Their Attorney,

                 /s/ Todd S. Dion
                 Todd S. Dion Esq. (#6852)
                 15 Cottage Avenue, Ste 202
                 Quincy, MA 02169
                 401-353-1230 Phone
                 401-965-4131 Cell
                 401-353-1231 Fax
                 toddsdion@msn.com

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Josephine B. Donahue, ind. and on behalf of all others similarly situated

## DEFENDANTS

Ocwen Loan Servicing, LLC and Federal National Mtg. Association

(b) County of Residence of First Listed Plaintiff   **Plymouth County, MA**
   *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
   *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
   THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Todd Dion, Esq.
15 Cottage Avenue, Suite 202
Quincy, MA 02169

Attorneys *(If Known)*
Maura K. McKelvey, Vanessa V. Pisano, Hinshaw & Culbertson LLP,
28 State Street, 24th Floor, Boston, MA 02109, (617) 213-7022,

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☒ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. sections 1332, 1441 and 1446
Brief description of cause:
Plaintiff challenges Defendants' authority to foreclosure and alleges they breached mortgage contract

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ ____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
04/13/2017

SIGNATURE OF ATTORNEY OF RECORD
/s/ Maura K. McKelvey

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Josephine Donahue v. Ocwen Loan Servicing et al.

_____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local
   rule 40.1(a)(1)).

☐   I.    410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

☐   II.   110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720,
          740, 790, 820*, 840*,  850, 870,  871.

☑   III.  120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385,
          400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896,
          899, 950.

          *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

   Josephine Donahue v. Ocwen Loan Servicing, LLC and GNMA; Case No. 1:16-cv-12203-RWZ (vol. dismissed on 1/17/2017)

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                              YES ☑           NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
   §2403)
                                                              YES ☐           NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                              YES ☐           NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                              YES ☐           NO ☑

7. Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)),
                                                              YES ☑           NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☑          Central Division ☐          Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
        residing in Massachusetts reside?

        Eastern Division ☐          Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
   submit a separate sheet identifying the motions)
                                                              YES ☐           NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Maura K. McKelvey
_____
ADDRESS Hinshaw & Culbertson LLP, 28 State Street, 24th Floor, Boston, MA 02109
_____
TELEPHONE NO. (617) 213-7022
_____

(CategoryForm3-2016.wpd )

# HINSHAW

& CULBERTSON LLP

ATTORNEYS AT LAW

28 State Street
24th Floor
Boston, MA 02109

617-213-7000
617-213-7001 (fax)
www.hinshawlaw.com

April 13, 2017

Office of the Civil Clerk
Plymouth County Superior Court – Brockton
72 Belmont Street
Brockton, MA 02301

   **Re:**  *Josephine B. Donahue v. Federal National Mortgage Association, et al.*
       *Plymouth Superior Court Civil Action No.: 1783CV00206A*

Dear Sir or Madam:

   Enclosed please find the following for filing in regard to the above-referenced matter:

   1.   Notice of Appearance of Vanessa V. Pisano; and

   2.   Notice of Appearance of Maura K. McKelvey.

   3.   Notice of Filing of Notice of Removal.

   I have filed a Notice of Removal of this case from the Plymouth Superior Court to the United States District Court for the District of Massachusetts. I enclose a copy of the Notice of Removal filed in the Federal Court. A certified copy of the Notice of Removal will be forwarded to you upon receipt from the United States District Court.

   Please send certified or attested copies of all records and proceedings filed in the Plymouth Superior Court and a certified or attested copy of all docket entries in this case, as soon as possible, to me in the enclosed self-addressed, stamped envelope so that I may electronically file the same with the United States District Court, District of Massachusetts.

   If there is any charge for copying costs, please send me an invoice and I will ensure that copying charges are promptly paid.

        Very truly yours,

        HINSHAW & CULBERTSON LLP

        Maura K. McKelvey
        Direct Dial: (617) 213-7006
        mmckelvey@hinshawlaw.com

MKM/mjt
Enclosures

cc:  Todd S. Dion, Esq.